## TAUB v. JEHLE et al.

Court of Appeals of District of Columbia.

Submitted January 18, 1928. Decided February 6, 1928.

No. 1989.

Patents ☞90(3)—Tests of internal combustion engine piston by use in automobile held to constitute diligence, authorizing priority in interference proceeding.

In interference proceeding involving invention relating to internal combustion engine piston, tests by appellees in using pistons in automobile from September, 1920, till fall of 1921, *held* to constitute diligence, entitling them to award of priority.

Appeal from the Commissioner of Patents.

Interference proceeding between Alex Taub and Ferdinand Jehle and another. A decision of the Examiner of Interferences in favor of Taub was overruled by the Board and the Commissioner, and Taub appeals. Affirmed.

Melville Church and C. B. Des Jardines, both of Washington, D. C., for appellant.

F. O. Richey, B. D. Watts, H. R. Hawgood, and A. H. Van Horn, all of Cleveland, Ohio, for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Commissioner of Patents in an interference proceeding awarding priority to the appellees, Jehle and Jardine.

The invention relates to an internal combustion engine piston, having a construction adapted for metals like aluminum with a high coefficient of expansion. The three counts of the interference were taken from the application of Jehle and Jardine, and hence must be interpreted with reference to their disclosure. It is not controverted that Taub conceived and reduced the invention to practice in May of 1921. His application was filed on December 15, 1921.

The Examiner of Interferences ruled that Jehle and Jardine conceived and disclosed, not later than June, 1920, a type of piston shown in their drawings and referred to in their evidence, but that this type of piston has "no skirt," but instead is provided with "slippers." He therefore held that appellees had not proven conception or reduction to practice prior to the date awarded Taub. The Board and the Commissioner overruled the Examiner, and awarded priority to appellees. In their decision, the Board said: "We are impelled to the conclusion that pistons embodying the issue were made, delivered, and put into an engine apparently the sedan car of Mr. Dean, in which they were continuously used from September, 1920, up to the fall of 1921"; that these pistons were frequently inspected; and that this activity on the part of the appellees constituted diligence at the time of Taub's entry into the field and subsequently. The Commissioner, likewise, carefully reviewed the evidence, and reached the conclusion that not only had the appellees proven conception of the invention prior to Taub's earliest date, but that they had established reduction to practice prior to that date.

It is unnecessary for us to go that far, for in our view the test that in the Commissioner's view amounted to reduction to practice clearly constituted diligence, and therefore entitled the appellees to the award of priority. After reviewing appellees' testimony, the Commissioner said: "The force of this testimony has not been overcome. Taub does not deny its truth, but argues that the facts sought to be established by the testimony are improbable."

For the reasons more fully stated by the Board and the Commissioner, the decision is affirmed.

Affirmed.